UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CONCILIO DE SALUD INTEGRAL DE LOÍZA, INC.,**<br><br>PLAINTIFF.<br><br>v.<br><br>**J.C. REMODELING, INC., AND JOSÉ GARCÍA-SUÁREZ,**<br><br>DEFENDANTS. | **CIVIL NO. 14-1821 (PAD)** |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Before the court is defendants J.C. Remodeling, Inc. and José García Suárez' "Motion to Dismiss or, in the Alternative, Stay All Proceedings under the Colorado River Doctrine" (Docket No. 28). Concilio de Salud Integral de Loíza, Inc. opposed (Docket No. 34) and defendants replied (Docket No. 35). For the reasons explained below, defendants' motion is DENIED.

**I.      PROCEDURAL BACKGROUND**

On November 12, 2014, the *qui tam* plaintiff, CSILO, initiated this action for treble damages and penalties under the False Claims Act, 31 U.S.C. § 3729-3733, in the United States District Court for the District of Puerto Rico (Docket No. 3 at p. 11). This action is running simultaneously with the state court case Concilio de Salud Integral de Loíza, Inc. v. J.C. Remodeling, Inc., and its President, José García-Suárez; Neptune Coatings Corporation, *et als.*, which has been litigated in the Río Grande Part of the Puerto Rico Court of First Instance since 2013 (Docket No. 28, Exh. 1).

Case 3:14-cv-01821-PAD   Document 36   Filed 07/08/16   Page 2 of 4

Concilio Salud Integral de Loíza, Inc. v. J.C. Remodeling, Inc., and José García-Suárez
Civil No. 14-1821 (PAD)
Memorandum and Order
Page 2

## II.    STANDARD OF REVIEW

Under the Colorado River doctrine, a federal district court may stay or dismiss litigation when a state court is engaged in a contemporaneous exercise of concurrent jurisdiction. Wright & Miller, 17A Fed. Prac. & Proc. Juris. § 4247 (3d ed.). However, abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976). There is "a heavy presumption favoring the exercise of jurisdiction." Currie v. Grp. Ins. Comm'n, 290 F.3d 1, 10 (1st Cir. 2002).

The Colorado River abstention applies if a two-part test is satisfied. H&R Block Tax Serv., Inc. v. Rivera-Alicea, 570 F.Supp.2d 255, 266 (D.P.R. 2008). First, the court must find that the state and federal actions are parallel. Suits are parallel if "they involve the same parties and 'substantially identical claims,' raising 'nearly identical allegations and issues.'" Id. (citing Timoney v. Upper Merion Twp. 66 Fed. Appx. 403 (3rd Cir. 2003)). A court looks, "not for formal symmetry between actions, but for substantial likelihood that state litigation will dispose of claims presented in federal case." Harris Trust and Sav. Bank v. Olsen, 745 F.Supp 503, 507 (N.D. Ill. 1990). This threshold factor is dispositive. Id.

The court will subsequently balance a number of factors "to determine whether there exist exceptional circumstances to justify abstention," including the desirability of avoiding piecemeal litigation, and the adequacy of the state forum to protect the parties' interests. Río Grande Cmty. Health Ctr. v. Rullán, 397 F.3d 56, 71-72 (1st Cir. 2005). However, "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." Villa

Case 3:14-cv-01821-PAD   Document 36   Filed 07/08/16   Page 3 of 4

Concilio Salud Integral de Loíza, Inc. v. J.C. Remodeling, Inc., and José García-Suárez
Civil No. 14-1821 (PAD)
Memorandum and Order
Page 3

Marina Yacht Sales, Inc. v. Hatteras Yachts, 915 F.2d 7, 12 (1st Cir. 1990) (citing Colo. River Water Conservation Dist., 424 U.S. at 818-819).

### III.   DISCUSSION

At issue is whether the court should defer to the state court action under the Colorado River doctrine. Defendants contend that the federal and state cases are parallel in nature. They acknowledge that the federal case differs from the state case in the alleged violations of the Federal Claims Act, but claim that the cases are parallel because the same breach of contract and misrepresentation allegations are averred in both Complaints and both actions seek to recover monies and damages for alleged false statements and misrepresentations allegedly made by J.C. Remodeling (Docket No. 28 at p. 6). Plaintiff counters that the actions are not parallel because the state case does not "allege fraud, nor d[oes] it raise any other cause of action related to the FCA" (Docket No. 34 at p. 3).

This case does not meet the necessary elements under the Colorado River doctrine's threshold question. In their amended state complaint, CSILO alleges three causes of action: breach of contract, damages, and collection of monies (Docket No. 34 at p. 3; Docket No. 28, Exh. 1). There is no allegation of fraud against the defendants. Id. But, in their federal complaint, CSILO proceeds *qui tam* in the name of the federal government, arguing that the defendants committed fraud by making a false claim that resulted in payment from the government (Docket No. 3). There is no "substantial likelihood that the state litigation [would] dispose of all claims presented in the federal case," since the fraud claims would not be addressed by the state court. Harris Trust and Sav. Bank, 745 F.Supp at 503.[1]  Instead, the breach of contract claim arises from the allegedly

---

[1] Defendants rely on U.S. ex rel. Hartigan v. Palumbo Bros., Inc. to argue that this court should dismiss or stay the present litigation (Dockets Nos. 28, 35). In that case, the court found that the state and federal cases were parallel partly because in both actions

Case 3:14-cv-01821-PAD   Document 36   Filed 07/08/16   Page 4 of 4

Concilio Salud Integral de Loíza, Inc. v. J.C. Remodeling, Inc., and José García-Suárez
Civil No. 14-1821 (PAD)
Memorandum and Order
Page 4

negligent installation of the wet suit product and refusal to honor the warranty (See Docket no. 28, Exh. 1).

Because this case fails to meet the threshold standard, the balancing of factors is not necessary. The court will not defer to the state court proceedings under the Colorado River standard.

### IV.   CONCLUSION

In view of the foregoing, defendants' motion is DENIED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of July, 2016.

> S/Pedro A. Delgado-Hernández
> PEDRO A. DELGADO-HERNÁNDEZ
> United States District Judge

---

"Illinois s[ought] to recover for the false statements and misrepresentations made by predominantly the same contractors and their subcontractors." U.S. ex rel. Hartigan v. Palumbo Bros., Inc., 797 F. Supp. 624, 634 (N.D. Ill. 1992). Here, the state case does not present claims of misrepresentation or false statements.